IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| U.S. SILICA COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-802-D |
| | ) | |
| RJR TRUCKING, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Upon review of Plaintiff's Complaint and Plaintiff's Corporate Disclosure Statement [Doc. Nos. 1, 5], the Court finds insufficient factual allegations to support the assertion of subject matter jurisdiction under 28 U.S.C. § 1332.[1] Plaintiff predicates jurisdiction on diversity of citizenship. Compl. ¶ 4. In support, Plaintiff alleges it "is a Delaware corporation authorized to conduct business in the State of Oklahoma." *Id.* ¶ 2. Defendant is alleged to be "an Oklahoma limited liability company whose principal place of business is in Roff, Oklahoma." *Id.* ¶ 3.

---

[1] The Court has an independent obligation to determine whether subject matter jurisdiction exists and may raise the issue sua sponte. *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1)(emphasis added). A limited liability company is not treated like a corporation under § 1332(c)(1), but like a limited partnership or other unincorporated association. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). In this regard, an LLC's citizenship is determined by reference to the citizenship of each and every one of its members. *Id.*; *Management Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016).[2] Here, Plaintiff fails to allege the location of its principal place of business and fails to provide any information concerning Defendant's members; therefore, the Complaint fails to allege the citizenship of these parties as to establish complete diversity of citizenship.

---

[2] For each member of an LLC that is itself an LLC or partnership, its citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. *See Hicklin Engineering, LLC v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships.").

**IT IS THEREFORE ORDERED** that Plaintiff file an amended complaint to allege the existence of diversity jurisdiction within **fourteen (14) days** from the date of this Order.

**IT IS SO ORDERED** this 4th day of September 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE